In re Jack R. WHITEHORN and Mary Ruth Whitehorn, Debtors.

MERIWETHER FEDERAL SAVINGS AND LOAN ASSOCIATION and Southern Discount Company of Georgia, Plaintiffs,

v.

Jack R. WHITEHORN and Mary Ruth Whitehorn, Defendants.

Bankruptcy No. 81–0259A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

March 5, 1981.

David W. Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for plaintiffs.

William J. Seigler, III, Atlanta, Ga., for defendants.

ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On February 10, 1981, the above-referenced plaintiffs filed an adversary complaint for relief from the automatic stay against the above-named defendants in this Court. The jurisdictional statement in that complaint alleged that this Court has jurisdiction over the plaintiffs' complaint pursuant to 28 U.S.C. § 1471(b) and (c) because there is a Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the District of Nevada, and that this adversary proceeding relates to that case. On February 25, 1981, defendants filed their answer asserting *inter alia* the affirmative defense that venue is improper in this District. Also, on February 25, 1981, an expedited hearing pursuant to 11 U.S.C. § 362(e) was held. At that hearing the jurisdictional and venue issues were heard.

The plaintiffs, in bringing this suit, relied on the description of the jurisdictional grant of 28 U.S.C. § 1471 set forth by Bankruptcy Judge Clark in *In re Coleman American Companies, Inc.*, 2 CBC 2d 1220, 6 B.R. 251, (Bkrtcy.B.C.D.Colo.1980).[1] However, as Judge Clark stated:

> "The debtors do not contend that venue is improper in this Court. Consequently, that issue is not before this Court." 2 CBC 2d 1224, 6 B.R. 251.

The issue of venue is, however, before this Court and it is determinative.

28 U.S.C. § 1473(a) states that with certain exceptions not material to this matter, "a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending." The bankruptcy case which gives rise to jurisdiction in the Bankruptcy Court over this related proceeding is now pending in the United States Bankruptcy Court for the District of Nevada. Therefore, venue is proper in that district. The Court finds no other provision which would create proper venue in this district. Therefore, the Court finds that this proceeding should be dismissed for improper venue.

The parties have not raised the issue of whether this Court should retain this proceeding despite improper venue pursuant to 28 U.S.C. § 1477 "in the interest of justice and for the convenience of the parties." However, the Court finds that it would be the rare case in which the interest of justice would be served by proceeding with stay litigation in a district other than the district in which the order for relief creating the stay was entered.[2]

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the above-referenced proceeding shall and is dismissed for improper venue.

---

1. See also *In re Coleman American Companies, Inc.*, 7 BCD 127 (B.C.D.Kan.1981) wherein the decision of Judge Clark was held subject to collateral attack in the district in which the bankruptcy case was pending.

2. Even assuming, which this Court refuses to do, that the Bankruptcy Court for a district other than the district in which the case is pending would have subject matter jurisdiction. *Id.*