In re George ZALETA & Vivian
Zaleta, Debtors..

Bankruptcy No. 81-124-BKC-SMW.

United States Bankruptcy Court,
S. D. Florida.

July 28, 1981.

Robert N. Peirce, trustee.

Lampl, Sable & Makoroff, Pittsburgh,
Pa., for trustee.

Christine Hall Ashcraft, Fort Lauderdale,
Fla., for Atlanta Federal S & L.

THOMAS C. BRITTON, Bankruptcy
Judge.

This adversary complaint was filed in Miami by a mortgagee who seeks modification of the automatic stay in order to foreclose property of debtors, who filed their bankruptcy proceeding under chapter 11 in the Western District of Pennsylvania. The trustee appointed by the Pittsburgh court has moved for dismissal upon the ground that the Pennsylvania court has exclusive jurisdiction under 28 U.S.C. § 1471, which provides in pertinent part that:

"(c) The Bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

.    .    .    .    .

"(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

The parties were heard on July 23.

Plaintiff has relied on *In re Coleman American Companies, Inc.*, (Bkrtcy.D.Colo. 1980) 6 B.R. 251, 2 C.B.C.2d 1220, which at this moment appears to be the only reported decision to pass upon this point.

In that case, Bankruptcy Judge Clark held that an adversary proceeding to modify the automatic stay arising from a bankruptcy case instituted in Kansas was properly filed in Colorado. The decision was not appealed, but I am told that plaintiff has been cited for contempt in the Kansas court.

Judge Clark's reasoning is that certain venue provisions of the Code are rendered inoperative by the literal application of the foregoing provisions. From this premise, she concludes that every bankruptcy court in the country has equal and simultaneous jurisdiction as to every bankruptcy proceeding. Judge Clark is convinced that literal

application of the quoted provisions would have an "extreme debilitating effect" on the venue provisions of the Reform Act which would be "untenable".

As she notes, the editors of *Collier on Bankruptcy* (15th ed.) have reached the same conclusion. § 3.01[1][e].

In view of the seemingly unambiguous provisions of § 1471, Judge Clark's reading of that section takes us perilously close to the outer limits of judicial construction. *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965). Because venue is so clearly inappropriate, I think it unnecessary to reach the issue of jurisdiction.

This complaint is a "proceeding", the venue of which is governed by 28 U.S.C. § 1473. There can be no question that the appropriate venue for this proceeding is Pittsburgh under the provisions of that section. In the interest of judicial economy and pursuant to 28 U.S.C. § 1475, therefore, the Clerk is directed to transfer this proceeding forthwith to the Bankruptcy Court for the Western District of Pennsylvania where, no doubt, it will be assigned to Judge Cosetti. This transfer will render moot any jurisdictional question, will save time, will save the plaintiff a second filing fee and will in other equally obvious ways be in the interest of justice and for the convenience of the parties.

To avoid any question as to the effect of § 362(e), the automatic stay is continued in effect pending a final hearing before the Pennsylvania court provided such hearing is held (as is required by § 362(e)(2)) within 30 days of the preliminary hearing held on July 23.