In re NATIONAL SHOES, INC., Debtor.

NIKE, INC., Plaintiff,

v.

NATIONAL SHOES, INC., Defendant.

Adv. No. 281–0164.

United States Bankruptcy Court,
D. Maine.

March 9, 1982.

Andrew Bernstein, Portland, Maine, Guy R. Fairstein, New York City, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Maine, for defendant.

George Marcus, Ralph I. Lancaster, Jr., Jotham D. Pierce, Jr., Pierce, Atwood, Scribner, Allen, Smith, Lancaster, Portland, Maine, for plaintiff.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Plaintiff in this proceeding is an Oregon corporation with its principal place of business in Oregon.[1] The Defendant is a New York corporation with its principal place of business in Massachusetts. The Defendant on December 11, 1980, filed a petition seeking relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York and has been operating as a Debtor-in-Possession since that time.

The Plaintiff has filed a complaint with this Bankruptcy Court alleging trademark infringement, unfair competition, and deceptive trade practices arising under the Federal Trademark Act, the common law and statutes of the State of Maine.

The Defendant has moved "for an order implementing the stay" of Section 362 of the Bankruptcy Code, or, in the alternative, for a transfer of the action to the Bankruptcy Court for the Southern District of New York.

The parties agree that this Court has subject matter and *in personam* jurisdiction. *See* 28 U.S.C. § 151; 28 U.S.C. § 1471(b) and (c); Pub.L.No.95–598, Title IV § 404(a) (Transition); *Cole Associates, Inc. v. Howes Jewelers, Inc. (In re Cole Associates, Inc.)* 7 B.R. 154 (Bkrtcy.D.Utah 1980); *Briney v. Burley (In re Burley)* 11 B.R. 369 (Bkrtcy.C.D.Cal.1981); *In re Green Tie Realty*, 14 B.R. 923, 8 B.C.D. 274, 5 C.B.C.2d 881 (Bkrtcy.S.D.N.Y.1981).

This proceeding raises another of the intriguing questions arising out of the expanded jurisdiction of bankruptcy courts. Most of the arguments presented by both parties deal with the issue of whether or not this Court, pursuant to 28 U.S.C. § 1475, should transfer or retain the proceeding in the interest of justice and for the convenience of the parties. Both parties expended considerable time and effort discussing cases decided under Bankruptcy Rule 782 and 28 U.S.C. § 1404(a), such as *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Young Properties Corp. v. United Equity Corp.*, 394 F.Supp. 1243 (S.D.Cal.1975) and *In re North Star Packers*, 3 B.C.D. 457 (Bankr.Me.1977). The Defendant also contends that Plaintiff, by commencing this proceeding in this Court, was in violation of the automatic stay of Section 362(a) of the Code.

The Court concludes that it may not consider the issues raised under 28 U.S.C. § 1475. These issues should be addressed to the New York Bankruptcy Court, the Court in which Defendant's Chapter 11 case is pending.

The Plaintiff, in 1974, duly registered "NIKE" and its wing design in the United States Trademark and Patent office. The Plaintiff alleges that, notwithstanding its well-known and prior established rights in the trademark "NIKE" and the wing design trademark, the Defendant has engaged in the advertising, marketing and sale of athletic shoes bearing the confusingly similar designation "VIKES" and/or counterfeits or colorable imitations of the Plaintiff's wing design trademark in the State of Maine and in interstate commerce.

The Defendant's use of the name "VIKES" on athletic shoes commenced in 1976, four years prior to the commencement of its Chapter 11 case and its use of the name "VIKES" has continued since that date. The time of the alleged unlawful use of Plaintiff's wing design is not clear from affidavits and other documents submitted by the parties. Resolution of that issue, however, is not necessary to this decision. The Plaintiff seeks an injunction, damages and other relief for use by the Defendant of the name "VIKES" as well as use of the wing design, and clearly use of the name "VIKES" by the Defendant has continued since 1976.

Thus, the Plaintiff's claim against the Defendant arose before the commencement of the Defendant's Chapter 11 case and this is a proceeding that could have been com-

---

1. B.R.S., Inc., the original Plaintiff, was merged into NIKE, Inc. after the complaint was filed. NIKE, Inc. was substituted as Party Plaintiff on February 5, 1982.

menced before the commencement of that case. Commencement of this proceeding by the Plaintiff in this Court, without first seeking relief from the automatic stay from the New York Court, may constitute a violation of the automatic stay of Section 362(a).[2] This Court is not the proper Court to decide that issue. Proper venue lies with the New York Court to decide whether or not the automatic stay, triggered by its order for relief upon the filing of the Debtor's Chapter 11 petition, has been violated. *See Coleman American Companies, Inc. v. The Littleton National Bank (In re Coleman American Companies, Inc.)* 8 B.R. 384 (Bkrtcy.D.Kan.1981); *In re Burley, supra.* It is also the proper court in which to seek relief from the stay. *See In re Burley, supra; Meriwether Fed. Sav. & Loan Assn. v. Whitehorn (In re Whitehorn)*, 9 B.R. 404 (Bkrtcy.D.Ga.1981); *In re Zaleta*, 13 B.R. 144 (Bkrtcy.S.D.Fla.1981).

The Plaintiff, obviously attempting to fit its claim into 28 U.S.C. § 1473(e),[3] complains only of acts and transactions incident to the operation of the Defendant's business subsequent to the filing of Defendant's Chapter 11 case. By this means, the Plaintiff seeks to avoid the general rule of venue contained in 28 U.S.C. § 1473(a).[4] This should not be permitted. Bifurcating its claim does not change the fact that its claim is one which arose before the com-

mencement of the Defendant's Chapter 11 case and that this proceeding could have been commenced before the commencement of the Defendant's Chapter 11 case within the meaning and intent of Section 362(a)(1).

Section 1477(a) of title 28 United States Code provides that a bankruptcy court of improper venue may retain a proceeding in the interest of justice and for the convenience of the parties, or may transfer the proceeding to any other district.[5]

It is not in the interest of justice to retain this proceeding, the commencement of which may have violated the automatic stay of 11 U.S.C. § 362(a). The basic and vital functions of the bankruptcy court will be seriously fragmented and hampered if proceedings such as this are commenced and retained in courts other than "home court" without first obtaining leave of the latter. *See In re Burley, supra.*

Plaintiff's arguments dealing with convenience of the parties and the interest of justice should be addressed to the New York Bankruptcy Court, which may, pursuant to 28 U.S.C. § 1475 and, in reliance upon cases decided under Bankruptcy Rule 782 and 28 U.S.C. § 1404(a), transfer the proceeding to this or another court.

An order will be entered directing the Clerk of this Court to transfer this proceed-

---

2. 11 U.S.C. § 362(a), as pertinent, provides: Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

    (1) the commencement ... of a judicial ... proceeding against the debtor that ... could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

3. Section 1473(e):

    (e) A proceeding arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under appli-

cable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

4. Section 1473(a):

    (a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending....

5. Section 1477. Cure or waiver of defects.

    (a) the bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division....

ing to the Clerk of the Bankruptcy Court for the Southern District of New York.