In re NATIONAL SHOES, INC., Debtor.

NIKE, INC., Plaintiff-Appellant,

v.

NATIONAL SHOES, INC., Defendant-Appellee.

Bankruptcy No. 82–9013.

United States Bankruptcy Appellate Panel, for the First Circuit.

June 1, 1982.

George D. Marcus, Jotham D. Pierce, Jr., of Pierce, Atwood, Scribner, Allen, Smith, Lancaster, Portland, Maine, for plaintiff-appellant.

Andrew Bernstein, Bernstein, Shur, Sawyer & Nelson, Portland, Maine, for defendant-appellee Guy R. Fairstein, and Mark L. Furman, of Burns, Jackson, Summit, Rovins, Spitzer & Feldesman, New York City, of counsel.

Before LAWLESS, C. J., and GLENNON and LAVIEN, JJ.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL

LAWLESS, Chief Judge:

The Appellate Panel has before it a motion filed by the appellant, Nike, Inc. ("Nike"), seeking leave to appeal an interlocutory order issued by the United States Bankruptcy Court for the District of Maine. Bkrtcy. 18 B.R. 507. In the order sought to be appealed, the bankruptcy court transferred Nike's complaint for trademark infringements, unfair competition and deceptive trade practices against the debtor, National Shoes, Inc. ("National"), to the Southern District of New York where the debtor's Chapter 11 proceeding is pending. For the reasons set forth below, the motion for leave to appeal is denied.

Nike filed its complaint in the Southern District of Maine pursuant to 28 U.S.C. § 1473(e)[1] on the ground that the conduct complained of was post-filing conduct of the debtor occurring in the District of Maine. National responded to the complaint by moving "for an order implementing the stay" of 11 U.S.C. § 362(a)[2] or, alternatively, transferring the action to the bankruptcy court for the Southern District of New York pursuant to 28 U.S.C. § 1475.[3]

One of the alleged trademark violations commenced in 1976 and Nike's complaint could have been initiated before the filing of the debtor's Chapter 11 proceeding in December, 1980.[4] Although in its complaint

---

**1.** Section 1473(e):

(e) A proceeding arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

**2.** 11 U.S.C. § 362(a), in pertinent part, provides:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement ... of a judicial ... proceeding against the debtor that ... could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

**3.** 28 U.S.C. § 1475: A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

**4.** In the absence of clear error, we must accept the bankruptcy judge's findings of facts. See, Rule 16, First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals (effective

Nike only sought relief and damages from the debtor's post-filing conduct, the bankruptcy court held that Nike's bifurcation of its claim did not necessarily remove the automatic stay issue from a bankruptcy court's consideration. Following the policy that proper venue for the determination of an automatic stay question is the debtor's "home" court, *see, e.g., In re Coleman American Companies, Inc.*, 8 B.R. 384, 7 BCD 127 (Bkrtcy.D.Kan.1981); *In re Burley*, 11 B.R. 369 (Bkrtcy.C.D.Cal.1981); *In re Whitehorn*, 9 B.R. 404, 7 BCD 394 (Bkrtcy.D.Ga.1981); *In re Zaleta*, 13 B.R. 144, 8 BCD 164 (Bkrtcy.S.D.Fla.1981), the Maine court transferred the proceeding to New York pursuant to 28 U.S.C. § 1477(a).[5] The court declined to consider the issues raised under 28 U.S.C. § 1475 because those issues would be more properly determined by the New York court after the § 362 question was resolved.

In order to obtain leave to appeal this interlocutory order, appellant must make a showing of some "exceptional circumstances" sufficient to warrant this Panel's departure from the policy of discouraging interlocutory appeals and avoiding the delay and disruption inherent in such piece-meal litigation. *In re Casco Bay Lines, Inc.*, 8 B.R. 784, 7 BCD 342 (Bkrtcy. 1st Cir. 1981). The Appellant has not made such a showing because an appeal at this stage in the proceeding is so premature as to lack by its very nature consequences of the exceptional circumstance variety.

The bankruptcy court did not conclude that the initiation of Nike's complaint violated section 362(a) nor did it consider the venue issue under 28 U.S.C. § 1475. The Panel fails to see how the litigation of these issues in New York rather than Maine requires a departure from the policy of avoiding piecemeal litigation. In keeping with the purpose of bankruptcy, namely, an economical and expeditious determination of issues,[6] these interlocutory matters should be heard and decided on the merits by the bankruptcy court to which the case has been transferred. Accordingly, Nike's motion for leave to appeal is denied.

---

date 3/1/80); *In re Garland Corp.*, 6 B.R. 456, 460–461 (Bkrtcy. 1st Cir. 1980).

**5.** Section 1477(a)
(a) the bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the par-

ties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division . . . .

**6.** *See Bankruptcy Rule 903; Katchen v. Landy*, 382 U.S. 323, 328 (1966).