**In re George & Vivian ZALETA, Debtors.**

**Bankruptcy No. 81–124–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

March 17, 1983.

See also, 13 B.R. 144.

Robert N. Peirce, Trustee.

Lampl, Sable & Makoroff, Pittsburgh, Pa., for trustee.

Christine Hall Ashcraft, Fort Lauderdale, Fla., for Atlantic Federal S & L.

### ORDER ON REMAND

THOMAS C. BRITTON, Bankruptcy Judge.

An Order Transferring Proceeding entered July 28, 1981, 13 B.R. 144, (C.P. No. 7) in this ancillary adversary proceeding was appealed to the District Court. On January 26, 1983, the matter was remanded by the District Court, Judge Eaton:

> "... for a determination of the jurisdictional issue under the Bankruptcy Court's view of the present state of the law bearing on this case and for the entry of any further order not inconsistent with this ruling."

The Order of Remand reached this court on January 28, but was not brought to my attention by the clerk or the parties.

■ I hold that this court had and has jurisdiction of both the parties and the subject matter of this adversary complaint. I was then and am now persuaded by the authorities previously cited in the 1981 Or-der, although several bankruptcy courts have reached a contrary conclusion. See also *In re Burley,* bkrtcy, C.D.Cal.1981, 11 B.R. 369, 378, *aff'd* 27 B.R. 603 Bkrtcy.App., 9 Cir.1982; and *In re National Shoes, Inc.,* Bkrtcy, D.Me.1982, 18 B.R. 507, 508, 8 B.C.D. 1190, which cites three other similar holdings.

Since December 25, 1982, in light of the holding in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this court's jurisdiction is no longer derived from 28 U.S.C. § 1471, but is derived solely from the emergency rule drafted by the Judicial Conference and adopted by the District Court at the direction of the Judicial Conference of 11th Circuit Court of Appeals. By the explicit provisions of paragraphs (c)(1) and (d)(1) of that Rule this court has subject matter jurisdiction of this matter. By definition, this adversary proceeding for stay relief under 11 U.S.C. § 362(d) is not a "related proceeding" within the terminology of that Rule. § (d)(3)(A) of the Rule.

Although serious questions may be presented as to the validity of the emergency rule, I am bound by the provisions of the Rule. A rule directed by the Judicial Council of this Circuit is, I am convinced, no less binding on me than a rule of decision announced by a panel of that court. *Dills v. City of Marietta, Ga.,* 11 Cir.1982, 674 F.2d 1377, 1380.

One effect of *Northern Pipeline* and the substitution of the emergency rule for the provisions of 28 U.S.C. § 1471 is to eliminate the provisions of 28 U.S.C. § 1471(c) and (e) which presented a question of this court's jurisdiction two years ago, as was noted in the 1981 Order.

■ The venue of this proceeding is clearly inappropriate for the reasons stated in the 1981 order. 28 U.S.C. § 1473. The venue statute is, of course, unaffected by *Marathon* and the emergency rule. However, the transfer to the bankruptcy court with appropriate venue, the Western District of Pennsylvania, is no longer appropri-

ate because of the provisions of 11 U.S.C. § 362(e)(2):

"(e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—

(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; and

(2) such final hearing shall be commenced within thirty days after such preliminary hearing".

Although the 1981 Order was so worded as to avoid automatic termination of the stay, I did not then anticipate either an interlocutory appeal of that Order nor that, if one were taken, it would be authorized retroactively after the 30 day deadline had expired. Of course, under these circumstances, neither the parties nor the transferee court could comply with transfer provisions of the 1981 Order. It would be unconscionable to permit plaintiff to achieve stay relief solely by the delay occasioned by plaintiff's appeal. I hold that plaintiff is estopped to assert that position.

To avoid any further question as to the effect of delay in the disposition of this proceeding in light of the quoted statute, this ancillary adversary proceeding is now dismissed without prejudice to its reinstitution by plaintiff in the Bankruptcy Court for the Western District of Pennsylvania. *In re Whitehorn*, Bkrtcy.N.D.Ga.1981, 9 B.R. 404, 7 B.C.D. 394.