In re HUNT INTERNATIONAL RE-
SOURCES CORPORATION, Debtor.

Civ. A. No. 3–85–2262–H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 13, 1985.

Charles R. Gibbs, Jenkens & Gilchrist, Dallas, Tex., for debtor.

Daniel C. Stewart, W. Ted Minick, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for the Banks.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

Before the court are Debtor's Notice of Appeal, filed October 28, 1985; Debtor's Motion for Leave to Appeal, filed November 14, 1985; Debtor's Motion to Strike, filed December 10, 1985; and the First National Bank of Chicago, Bankers Trust Company, and the First National Bank of St. Paul's ("the Banks") Motion to Dismiss Appeal, or in the Alternative, Motion to Deny Leave to Appeal, filed November 20, 1985.[1] The matter before the Court is an attempt by the Debtor to appeal an order of the Bankruptcy Judge appointing a trustee in this Chapter 11 proceeding.

### Notice of Appeal

■ To appeal of right to the District Court under 28 U.S.C. § 158(a), there must be "a final judgment, order or decree of a bankruptcy judge". Bankruptcy Rule

8001(a). The October 18, 1985 Order appointing the trustee is not a final order, but an interlocutory order relating to the management of the estate.[2] *In re Johns-Manville Corporation,* 39 B.R. 234 (S.D.N.Y.1984). Although the Order is final in the sense it decides for the moment whether a trustee shall be appointed, it does not end litigation on the merits or terminate the interest of Debtor or any creditors in the estate. *In re Kennedy,* 48 B.R. 621 (Bktcy.D.Az.1985). The Appeal is therefore **DISMISSED.**

### Motion for Leave to Appeal

■ Leave to appeal an interlocutory order of a Bankruptcy Judge under 28 U.S.C. § 1334(b) or § 1482(b) should be granted only where circumstances are present which justify overriding the general policy of not allowing such appeals. *See, e.g., In re National Shoes, Inc.,* 20 B.R. 672 (Bktcy.App.1982). Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966), *In re Durensky,* 519 F.2d 1024, 1028 (5th Cir. 1975), they are not favored.

Although there is no hard and fast rule in this Circuit for determining when an interlocutory appeal should be allowed, the application of the 28 U.S.C. § 1292(b) standard to interlocutory bankruptcy appeals is consistent both with other courts' decisions, *see e.g., In re Johns-Manville Corporation,* 47 B.R. 957, 960 (S.D.N.Y.1985), and this Circuit's holdings on appeals from

---

1. In addition the Court considered the following cases, citations to which were provided in lieu of a reply to the Bank's Motion, by telephone by Debtor's counsel: *In re Wilson Freight Company,* 21 B.R. 398 (S.D.N.Y.1982); *In re Johns-Manville Corporation,* 39 B.R. 234 (S.D.N.Y.1984); *American National Bank and Trust Company of Chicago, Illinois v. Bone,* 333 F.2d 984 (8th Cir.1964); and 5 Collier on Bankruptcy § 1104.01.

2. Regardless of the finality of the order, Debtor's appeal is premature. The Order it seeks to

appeal from specifically states "The [Bankruptcy] Court reserves the right to file findings of fact and conclusions of law in support of this Order." If Debtor is dissatisfied with the Bankruptcy Judge's reasoning (and not merely the result) in entering the Order, it should take the obvious step of requesting findings of fact and conclusions of law from the Bankruptcy Court before attempting to appeal. Such a step would speed resolution of the issue.

district courts to the Circuit. *See, e.g., In re Durensky.*

■ The Debtor has not shown the presence of any of the three elements of 1292(b), nor has the Debtor shown any other circumstances which justify granting leave to appeal. As · it is clear that the appointment of a trustee is a matter committed to the sound discretion[3] of the Bankruptcy Court, *Matter of Chapter 13, Pending and Future Cases,* 19 B.R. 713 (Bkrtcy.Wash.1982); *In re Hotel Associates, Inc.,* 3 B.R. 343 (Bkrtcy.Pa.1980); *In re Anchorage Boot Sales, Inc.,* 4 B.R. 635 (Bkrtcy.N.Y.1980), there is neither a controlling issue of law or substantial grounds for a difference of opinion on the relevant legal principles. The Debtor asserts that interlocutory review will materially advance the ultimate termination of the litigation because of its greater familiarity with its business; such unsupported conclusory statements are both inadequate and unconvincing.

The Court finds, therefore, that interlocutory review of the Order appointing the trustee should not be granted, and Debtor's Motion for Leave to Appeal is hereby **DENIED.**

*Motion to Strike*

■ Debtor correctly notes that the Banks' motion is not in the form required by Bankruptcy Rule 8003. The rule's requirements are procedural, not jurisdictional, however, and in light of the confusion about the correct route for appeal,[4] the short delay and unusual route chosen by the Banks in responding is understandable. Even if the Banks' motion were stricken, the Court's rulings would remain the same. The Motion to Strike is therefore **DENIED.**

SO ORDERED.

3. The limits which are imposed on the Bankruptcy Court's discretion favor the appointment of a trustee. *See e.g., In re Bonded Mailings,* 20 B.R. 781 (Bkrtcy.N.Y.1982).

4. The Debtor filed both a motion for leave to appeal and a notice of appeal, and rather than

answering the Banks' Motion (itself an answer to the Debtor's original Motion and Notice of Appeal) filed its own motion. Since the Debtor has adopted the Banks' tactic of replying to motions with motions rather than with answers, it cannot complain of the tactic's use.