**WES–FLO INC., Plaintiff,**

v.

**WILSON FREIGHT COMPANY, et al., Defendant.**

**In the Matter of WILSON FREIGHT COMPANY, Debtor.**

**Bankruptcy No. 80–B–11129 BL. Adv. No. 3–81–0445.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Aug. 5, 1981.

Thomas H. Busch, Springfield, Ohio, for plaintiff.

Mark H. Berliant, Cincinnati, Ohio, for debtor/defendant, Wilson Freight Co.

Parks and Parks, Ashland, Neb.

## DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

## FACTS

From the removal record, the following procedural elements are evident.

On 7 July 1981 Debtor/Defendant Wilson Freight Company removed to this court a suit pending in the Common Pleas Court of Clark County, Ohio. Case No. 81—Civ.—1154, captioned *Wes-Flo Co., Inc. v. Wilson Freight Company and Parks and Parks.*

Plaintiff, a Florida Corporation, filed a complaint in the state court on 1 July 1981, seeking actual and punitive damages, temporary restraining order, permanent injunction, specific performance, and other equitable relief. The rule date has not expired and the case is not at issue.

Defendant is Debtor in Case No. 80–B–11129–BL, currently pending in a reorganization case before the United States Bankruptcy Court, for the Southern District of New York.

On 10 July 1981 Plaintiff filed a motion in this Court seeking "to strike the application of the Defendant Wilson Freight Company for removal, alleging failure to follow all of the procedural steps conformably to Interim Bankruptcy Rule 7004(b) as adopted in this District and because Debtor is not a Debtor in Possession since a Trustee has been appointed." Alternatively, it is urged that the proceedings "are not proceedings arising under Title 11, or related to cases under Title 11." Alternatively, it is urged that the case should be remanded to the state court because, "Equity and the proper administration of justice would be best served by permitting the Court of Common Pleas to continue its jurisdiction of the issues...."

## DECISION

We address the issues raised by the Motion, even though the removal comports with the general guidelines set forth in the decision entered by this Court in *I.L.C. Inc. v. Ebrights Refrigeration Equipment, et al.* under 13 B.R. 546 as to abstention or to remanding.

Before assigning the motion for hearing this Court *sua sponte* should address jurisdictional questions not raised by movant. It is axiomatic that, "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction. The court is not bound in this matter by the acts or pleadings of the parties. They cannot consent to or waive jurisdiction of the subject matter ... that is, a question of federal jurisdiction may be raised at any time by the court *sua sponte* ... Federal courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears ..." *32 Am.Jur.2d Federal Practice and Procedure § 170.*

Inasmuch as the instant case was removed pursuant to jurisdiction under 28 U.S.C. § 1471(b) and conformably to 28 U.S.C. § 1478, we do not now address the question of diversity jurisdiction in the Bankruptcy Courts pursuant to 28 U.S.C. § 1332, as procedural "adjuncts" of the District Courts.

Rather, we are constrained to rationalize the removal in terms of 28 U.S.C. § 1478 as to the proper administration of cases with a bankruptcy court nexus.

■ It is first concluded that the provisions of Interim Rule 7004, because patterned after 28 U.S.C. § 1446(a), is misleading in so unequivocally providing that the removal from a federal or state court shall be filed "in the Bankruptcy Court for the district and division within which such action is pending . . ." See Rule 7004(a). No doubt that a proper venue may be in the local district bankruptcy court upon transfer from another bankruptcy court district. Venue, nevertheless, is not the immediate concern if jurisdiction is lacking.

Before this conclusion is so readily drawn it is necessary to look to the basic jurisdiction over the *res.* Such is more than an exercise in pure symbolic logic; rather, it is a matter of the sound and cohesive administration of reorganization cases and estates.

■ 28 U.S.C. § 1471(e) very clearly and sensibly provides as to *jurisdiction that,* "The bankruptcy court in which a case under Title 11 is commenced shall have *exclusive jurisdiction* of all of the property, wherever located, of the debtor, as of the commencement of such cases." (emphasis added) The action removed to this court in fact does involve the property of the Debtor, subject to the exclusive jurisdiction of the Southern District of New York Bankruptcy Court. Assumption of jurisdiction in the Southern District of Ohio would be more than a question of comity; rather, it would be an usurpation and evasion of this exclusive jurisdiction.

Looking to 28 U.S.C. § 1478(a) as to removal we now read *in pari materia* that removal lies "to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action."*

28 U.S.C. § 1473(e) as to asserting a claim arising after the commencement of the case from the operation of the business is not here applicable since the state court action arose before the exclusive jurisdiction attached.

■ Assuming, *arguendo,* that the plural use of "courts" is to be construed to divest the original bankruptcy court of part of the exclusive jurisdiction otherwise conferred, this court is of the opinion that sound judicial administration dictates that the bankruptcy court with basic and original jurisdiction must be familiar with and must control all aspects of its jurisdiction. The statute may be interpreted to mean that the "bankruptcy courts" referred includes likewise the bankruptcy court in the particular district.

There is respectable authority for the contrary proposition that the "exclusive" jurisdiction under 28 U.S.C. § 1471 in the original court does not mean entirely "exclusive" and that § 1478(a) permits removal *only* to the bankruptcy court of the district in which the civil action is pending. See *1 Collier on Bankruptcy ¶ 3.01[i] at page 3–73.*

We are constrained somewhat to adopt this latter theory, that removal must be to the bankruptcy court of the district wherein the civil action is pending; however, the jurisdiction upon removal is secondary to the exclusive jurisdiction in the jurisdiction over the case—that is, the Southern District of New York.

■ It must be concluded, contrary to sound judicial administration, that 28 U.S.C. § 1478(a) constitutes an automatic venue provision dictating that the removed case be tried in the same district where the civil action is pending unless transferred under 28 U.S.C. § 1475 in the interest of justice and for the convenience of the parties. As the Plaintiff is a Florida corporation and the Debtor is a New York corporation, the convenience of the parties is on a par. Hence, the case should be transferred to the court with exclusive original jurisdiction, in the interest of the sound administration of justice and in the Chapter 11 case.

■ We further conclude that the court of exclusive, original jurisdiction must determine in which venue the case must be tried, to meet the convenience of the parties

standards. Until such a determination, even though the case has been properly removed to the court of the district wherein originally filed, the automatic stay of the original court remains in effect as to the parties pending determination of the venue question. Only the Bankruptcy Court for the Southern District of New York should have jurisdiction to remove its own stay. The stay remains unaltered, except as to the statutory right to removal.

Hence, we for both reasons, conclude that control of the case must be to the bankruptcy court with exclusive jurisdiction with a timely request directed to that court for either a remand or change of venue, under 28 U.S.C. § 1475 for the convenience of the parties. Unfortunately, here one party is a Florida corporation and another is a New York corporation, and the proceeding is pending in Ohio, all providing a venue point.