**Richard COLARUSSO, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**BURGER KING CORPORATION, Vernon Hill, III, and Site Development, Inc., Defendants,**

**Sheila Mandelbaum and Sheila Hirschfield, Plaintiff-Intervenors.**

**Adv. No. 83–2095G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 6, 1984.

366

Harold Kohn, Kohn, Savett, Manon & Graf, Philadelphia, Pa., Coleman Rosenfield, Hollywood, Fla., and Melvin Lashner, Melvin Lashner Associates, Philadelphia, Pa., for plaintiff, Richard Colarusso and plaintiff-intervenors, Sheila Mandelbaum and Sheila Hirschfield.

Merrill G. Davidoff, Howard I. Langer, Berger & Montague, P.C., Philadelphia, Pa., and Lawrence C. Bolla, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for defendant, Burger King Corp.

Paul F. Rosen, Philadelphia, Pa., for defendants, Vernon Hill, III and Site Development, Inc.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in this adversary proceeding is whether we should remand to the United States District Court for the Eastern District of Pennsylvania, civil action No. 82–5324, which was removed to this court by the defendants pursuant to 28 U.S.C. § 1478(a), or transfer said action to the United States Bankruptcy Court for the Western District of Pennsylvania. Because the plaintiff in the said civil action has filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") in the United States Bankruptcy Court for the Western District of Pennsylvania, we will transfer the civil action to the bankruptcy court for the Western District of Pennsylvania which court, in turn, would be the appropriate court to determine the question of remand.

The facts upon which our decision is predicated are as follows:[1] On December 1, 1982, Richard Colarusso ("the individual debtor") filed a complaint against Burger King Corporation ("Burger King") in the United States District Court for the Eastern District of Pennsylvania (Civil Action No. 82–5324). The individual debtor was, at that time, a franchisee of Burger King who was operating a restaurant in Greenville, Pennsylvania. A motion for class certification was filed in the district court to certify a class of approximately one-hundred other franchisees. On March 18, 1983, the debtor filed an amended complaint which, inter alia, joined Vernon Hill, III ("Hill") and Site Development, Inc. ("Site") as defendants. The amended complaint, in essence, alleges that Burger King conspired with the other defendants to insure that certain franchisees were given undesirable locations for their Burger King restaurants.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

Prior to the filing of the aforesaid class action, Burger King had filed a complaint against the individual debtor and the corporate debtor, Cormani, Inc., in the United States District Court for the Southern District of Florida (Civil Action No. 83–1963) seeking royalties, rents and other fees allegedly owed by the debtors to Burger King in the approximate amount of $400,000.00 ("the Florida action"). Moreover, the Florida district court has enjoined both debtors from prosecuting the class action "in any manner."

On May 27, 1983, the individual debtor filed a petition for reorganization under chapter 11 of the Code in the United States Bankruptcy Court for the Western District of Pennsylvania (No. 83–00265E). On that same day, the corporate debtor, Cormani, Inc., filed a similar petition in the same court (No. 83–00264E). Burger King has filed proofs of claim in each bankruptcy case, each for approximately $400,000.00, the same amount Burger King seeks in the Florida action.

On August 25, 1983, Burger King filed in this court an application for removal of the class action and a motion to transfer said case to the United States Bankruptcy Court for the Western District of Pennsylvania. Thereafter, on September 30, 1983, Sheila Mandelbaum and Sheila Hirschfield, purported plaintiff-intervenors in the class action, filed in this court a motion to remand the class action [2] to the United States District Court for the Eastern District of Pennsylvania.

2. At the outset, we note that the "plaintiff-intervenors" have not, to our knowledge, been granted status to intervene by any court. Consequently their standing to oppose the instant application for removal and motion to transfer, or to file the motion to remand, is tenuous to say the least.

3. The putative plaintiff-intervenors do not contend that we lack jurisdiction to grant removal. Rather, they maintain that we should grant their *motion to remand* because of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which according to the plaintiff-intervenors, precludes a bankruptcy court from hearing the class ac-

Removal is governed by 28 U.S.C. § 1478, which provides:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.[3]

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Once removal has been effected, the general change of venue provisions of 28 U.S.C. §§ 1475, 1477 are applicable. 1 Collier on Bankruptcy, ¶ 3.01 at 3–73 (15th ed. 1983).[4]

In *Stamm v. Rapco Foam, Inc.,* 21 B.R. 715 (Bkrtcy.W.D.Pa.1982), the plaintiff had filed a complaint against the defendant in the United States District Court for the Western District of Pennsylvania. Thereafter, the defendant filed a petition under chapter 11 of the Code in South Carolina. The defendant-debtor then filed an application for removal in the United States Bankruptcy Court for the Western District of Pennsylvania seeking to remove the district court action to the bankruptcy court for the Western District of Pennsylvania. The defendant-debtor also filed in the bankruptcy court for the Western District of Pennsyl-

tion because said action involves essentially state law claims. We conclude that this jurisdictional argument, raised by the plaintiff-intervenors in the context of their motion to remand, should, as this opinion will explain, be entertained by the United States Bankruptcy Court for the Western District of Pennsylvania.

4. Section 1475 provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties. 28 U.S.C. § 1475.

vania a motion to transfer the district court action to the United States Bankruptcy Court for the District of South Carolina. The bankruptcy court for the Western District of Pennsylvania, is transferring the case to the bankruptcy court of South Carolina, held:

> The local bankruptcy court is the most convenient court to receive removal petitions and acts as the first court to review them. If it is also the "home" court [where the bankruptcy case was commenced], it will decide whether to hear the matter or remand it to the district court pursuant to Section 1478(b). If the local bankruptcy court is not the "home" court, it should transfer the case to the "home" court.

21 B.R. at 724, 25.

We agree with the rationale expressed by the *Stamm* court. Accordingly, since the "home" court in the instant case is the United States Bankruptcy Court for the Western District of Pennsylvania, we will transfer civil action No. 82–5324 to that court. Moreover, we conclude that the "home" court should be the court which determines the question of remand. We have no interest in any of the proceedings involving the debtors and Burger King but for the operation of section 1478(a), which mandates that removal may only be to the bankruptcy court for the district in which the civil action is pending.[5]

---

5.  *Accord: Wes-Flo Inc. v. Wilson Freight Co. (In re Wilson Freight Co.),* 13 B.R. 617, 620 (Bkrtcy.S.D.Ohio, W.D.1981).