**Howard J. KOTLICKY, Plaintiff,**

v.

**Richard BELFORD, Trustee, and Anthony R. Martin-Trigona, Defendants.**

**No. 85 C 10304.**

United States District Court, N.D. Illinois, E.D.

Aug. 21, 1986.

See also 759 F.2d 9.

Howard J. Kotlicky, pro se.

Anthony R. Martin-Trigona, pro se.

Richard Belford, New Haven, Conn., pro se.

## MEMORANDUM OPINION

GRADY, Chief Judge.

Before us is the motion of defendant Richard Belford to transfer this proceeding under the bankruptcy change of venue statute to the United States District Court for the District of Connecticut.[1] For the reasons stated below, the motion is granted.

## FACTS

On December 2, 1980, defendant Anthony R. Martin-Trigona filed for bankruptcy in the Southern District of New York. That bankruptcy case was subsequently transferred to the Bankruptcy Court for the District of Connecticut. During a three month period in early 1983, all of Martin-Trigona's federal litigation in that district, including the bankruptcy case, was consolidated before District Judge Jose A. Cabranes. *See In re Martin-Trigona*, 573 F.Supp. 1245, 1249–50 n. 8 (D.Conn.1983). Apparently, that consolidated litigation was subsequently transferred to United States District Judge Peter C. Dorsey. *See* Belford's Reply to Opposition to Motion for Transfer, Exh. A; Belden's Affidavit at 6. In any event, the bankruptcy case of Martin-Trigona is currently before Judge Dorsey in the District Court for the District of Connecticut.

Plaintiff Howard J. Kotlicky brought this action in this court against Martin-Trigona and Richard Belford, trustee of the Martin-Trigona bankruptcy estate. Count I is pursuant to 11 U.S.C. § 550, asserting a lien on New York property that was allegedly the subject of a fraudulent conveyance. Count II appears to claim a lien on the proceeds of the sale of some Florida property, once purportedly owned by Martin-Trigona. Counts III and IV seek expenses and attorney's fees relating to proceedings that have taken place in the District of Connecticut.

## DISCUSSION

The statute dealing with proper venue for bankruptcy proceedings (as opposed to bankruptcy *cases*) is 28 U.S.C. § 1409.[2] Section 1409(a) sets forth the general venue rule:

> Except as provided in subsection (b) and (d) of this section, a proceeding arising under Title 11 [the bankruptcy code] or arising in or related to a case under Title 11 may be commenced in the district court in which the case is pending.

Although section 1409(a) is not an exclusive provision, the exceptions delineated in subsections (b) and (d) are clearly not applicable here.[3] They apply to specific proceedings brought *by the trustee*. Thus, "[t]he district court in which the case is pending

1. Throughout his affidavit and memorandum in support of his motion to transfer, defendant Belford asserts that this court does not have personal jurisdiction over him because he does not have sufficient contacts with the State of Illinois. This may be an alternative basis for dismissing or transferring the case, but the parties have not briefed the question and we do not consider it at this time.

2. The parties do not contest that this is a "proceeding" and not a "case" as those terms are used in Title 28, and that therefore we are to apply section 1409. *See Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723 (Bkrtcy.W.D.Penn.1982).

"[A] 'proceeding' includes everything related to a 'case' and the 'case' includes the actual administration of bankruptcy from the time of its filing until the case is finally closed." *Id. See also In re Burley*, 11 B.R. 369, 384 (Bkrtcy.C.D.Cal.1981) (the term "proceeding" now comprehends a wide and diverse variety of litgation: "contested matters," "adversary proceedings," "plenary actions," and "disputes related to administrative matters").

3. Subsection (c), an exception to subsection (b), is also not applicable here.

is the proper venue for all suits against the trustee, while the trustee's right to file suit in that court is limited by subsections (b) and (d)". 1 *Collier on Bankruptcy* § 3.02[2][a], at 3–107 (15th ed. 1984) (hereafter *"Collier"*).

In addition, subsection (e), which is more appropriately called an "alternate" than an "exception" to subsection (a), *see Collier* § 3.02[2][a], at 3–106–07; *In re Burley*, 11 B.R. 369, 383 (Bkrtcy.C.D.Cal.1981), allows claims against the estate which arise post-filing out of the operation of the debtor's business to be brought in one of two places: in the district court in which the case is pending *or* in a district court in which the party commencing the proceeding may, under nonbankruptcy venue provisions, have brought an action on the claim. There is no suggestion here that the claim arose after the bankruptcy case was filed in New York, and therefore subsection (e) is inapplicable.

Even if subsection (e) did apply, however, we would transfer the case under the applicable nonbankruptcy venue provision, 28 U.S.C. § 1391(b). Because this action is not founded solely on diversity, it may be brought "only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." 28 U.S.C. § 1391(b). Neither defendant Belford nor defendant Martin-Trigona reside in Illinois, and the complaint indicates that the claim did not arise in Illinois.

Therefore, under the applicable venue section, 1409(a), venue lies in the United States District Court for the District of Connecticut and does not lie in this court. This, however, does not end the matter. The current change of venue statute, 28 U.S.C. § 1412, provides:

A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Section 1412 was added to the Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984. The predecessor provision to section 1412 was covered by two related sections of the Code, 28 U.S.C. § 1475, which *was* virtually identical to section 1412 except that it vested the power in the bankruptcy court, not the district court, and 28 U.S.C. § 1477(a), which provided:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

Thus, under this predecessor section, the standards applicable to a motion for change of venue were the same whether the venue was originally proper or improper. *See Collier* § 3.02[4][d][i], at 3–131. This application has been carried over to section 1412, and courts without proper venue may still retain jurisdiction if the interest of justice or the convenience of the parties requires. "Section 1412 merely says that a district court 'may' transfer a case to another district. It does not say it must transfer the case...." *Collier* § 3.02[4][d][ii], at 3–132. "The decision to transfer or retain a case or proceeding [under section 1412] lies within the sound discretion of the trial court." *In re Butcher*, 46 B.R. 109, 112 (Bkrtcy.Ga.1985).

Nevertheless, there has developed a strong presumption that civil proceedings should be tried in the court in which the case is pending, the "home" court. *See Seybolt v. Bio-Energy of Lincoln, Inc.*, 10 C.B.C.2d 1124, 38 B.R. 123 (Bkrtcy.D.Mass. 1984); *Colarusso v. Burger King Corp.*, 35 B.R. 365 (Bkrtcy.E.D.Pa.1984); *In re Nixon Machinery*, 27 B.R. 871, 873 (Bkrtcy.E. D.Tenn.1983); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715 (Bkrtcy.W.D.Pa.1982); *Collier* § 3.02[2][a], at 3–110, § 3.02[4][b], at 3–128–29, § 3.02[4][c][ii], at 1–130. With this presumption in mind, we now consider whether the convenience of the parties and

the interest of justice supports transferring this case to the home court.[4]

■ The factors for the court to consider in determining whether the transfer would be "for the convenience of the parties" are as follows:

1. The proximity of creditors to the court;
2. The proximity of the debtor to the court;
3. The proximity of the witnesses necessary to the administration of the estate;
4. The location of the assets;
5. The economic administration of the estate;
6. The necessity for ancillary administration if bankruptcy should result.

*Butcher,* 46 B.R. at 112. The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate. *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239, 1247 (5th Cir.1979); *Butcher,* 46 B.R. at 112; *In re Nixon Machinery Company,* 27 B.R. 871, 873 (Bkrtcy.E.D. Tenn.1983) ("In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction"); *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bkrtcy.D.Utah 1980) ("If one factor be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of the estate").

Although plaintiff Kotlicky and his witnesses are located in Illinois, the debtor is located in New York, the trustee is located in Connecticut, and the property at issue is located in New York and Florida. Martin-Trigona argues that all of the witnesses in this case are Illinois residents and that it

will impose a substantial hardship on him to defend this case in Connecticut. He further claims that he cannot obtain counsel in Connecticut, and that it would therefore be an abuse of discretion to transfer the case there. We reject all of these arguments.

■ First, Martin-Trigona previously stated that "substantially all" of the witnesses in this case are Illinois residents. Motion to Reject Purported Stipulation ¶ 3, at 1. He now asserts that "all" of the witnesses in this case reside in Illinois. Affidavit in Opposition to Motion to Transfer ¶ 8, at 3. But Martin-Trigona cannot unilaterally determine who the other parties will call as witnesses in this proceeding, and therefore, we cannot accept his claim that "all" or "substantially all" of the witnesses reside in Illinois. Further, he has not stated how many witnesses he will call, who they will be, or whether they can be subpoenaed to appear in Connecticut. Finally, defendant Belford correctly points out that section 1412 does not refer to "the convenience of witnesses" as does the general change of venue provision in 28 U.S.C. § 1404. While the convenience of witnesses is still a factor in considering "the convenience of the parties" under section 1412, it does not play as large a role in whether to transfer a bankruptcy proceeding because of the countervailing, more important interest in the economic and efficient administration of the estate. *See supra* at 5. This interest is best promoted by consolidating all of the proceedings arising under or related to a single bankruptcy case in one forum. *See* 28 U.S.C. § 1409(a); *Butcher,* 46 B.R. at 112.

■ We also reject Martin-Trigona's claim that transferring this case to Connecticut would be an abuse of discretion because he cannot obtain counsel there. Whatever difficulty Martin-Trigona encoun-

---

4. Belden and Kotlicky have previously filed a stipulation to transfer this case, which apparently was a part of a settlement of other matters before the district court in Connecticut. Martin-Trigona objects to use of the stipulation as a basis for transfer because has not agreed to it. Kotlicky now objects to use of the stipulation as

a basis for transfer because he asserts that he was coerced into entering this stipulation. We make no determination as to whether Kotlicky was coerced into entering the stipulation. However, our decision to transfer the case is not in any way based on the stipulation.

ters in obtaining counsel is of his own doing:

> Suing attorneys who oppose him has been a favored device of Martin-Trigona's for some time, both in the bankruptcy litigation at issue in New York and Connecticut and other cases, such as, *e.g., Martin-Trigona v. Bloomington Federal Savings & Loan Association,* 101 Ill.App.3d 943, 57 Ill.Dec. 348, 428 N.E.2d 1028 (1st Dist.1981). Judge Weinfeld has pointed out the cruel effectiveness of that device, which subjects attorneys to the necessity of defending themselves and enduring often outrageous accusations (of insanity, unethical conduct, and criminal activity, to summarize the usual allegations). *See Martin-Trigona v. Brooks & Holtzman, supra,* 551 F.Supp. [1378 (S.D.N.Y.1982)] at 1384.

*In re Martin-Trigona,* 573 F.Supp. 1245, 1249 (D.Conn.1983) (footnote omitted). *See also id.* Appendix A, at 1256–58; *In re WHET, Inc.,* 33 B.R. 424, 425 n. 5 (Bkrtcy. D.Mass.1983); *id.* at 431 n. 15 (noting affidavit against his own attorney). In addition, Martin-Trigona has represented himself *pro se* many times and should be able to do so in this proceeding. *See generally In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984); *Martin-Trigona v. Shiff,* 702 F.2d 380, 382 & n. 1 (2d Cir.1983).

Finally, Martin-Trigona's claim that it would be more convenient for him to have the case remain in Chicago is not believable. On February 28, 1986, he filed a motion to have a number of status calls rescheduled because "he would like to limit travel and to hold as many hearings as possible on the same date." Similarly, on May 21, 1986, he sought to place two motions on the court's motion call for June 11, 1986, but just over one week later, on May 30, 1986, he sent a letter to the court stating that "it is impossible for me to be in Chicago on June 11th," and he requested that the motion be changed to a day he would be in Chicago. Furthermore, Martin-Trigona's bankruptcy litigation continues in Connecticut; he uses a New York mailing address; and he purports to seek the Democratic nomination to run for Con-

gress in Connecticut, using a Hamden, Connecticut post office box as his address. *See* Belford Affidavit at 8 & Exh. B.

We therefore believe that "the convenience of the parties" supports transfer of this proceeding to the court in which the bankruptcy case is pending, the District of Connecticut.

This is also a particularly appropriate case in which the interests of justice require transfer. All of the counts of Kotlicky's complaint relate to proceedings which have already occurred in the District of Connecticut. The property at issue in Count I is a condominium unit in New York City. In 1978, approximately two years before the filing of his bankruptcy petition, Martin-Trigona conveyed title to the unit to a corporation he formed, and thereafter plaintiff Kotlicky acquired all of the shares of the corporation. As part of the Martin-Trigona bankruptcy case in the District of Connecticut, defendant Belford, as trustee of the estate, obtained judgment in a fraudulent conveyance action in which the transfer of the property from Martin-Trigona to the corporation was voided. Kotlicky, the plaintiff in this action, defended that case on behalf of the corporation in the District of Connecticut.

Similarly, in Count II, Kotlicky asserts a secured interest in a sum of money that was recovered by the bankruptcy estate in connection with deposits that Martin-Trigona had made on the purchase of condominium units in Florida. Regarding these first two counts, we believe the court that has jurisdiction over the bankruptcy case, the Connecticut district court, is the appropriate forum to consider Kotlicky's current claims.

In Counts III and IV, Kotlicky seeks expenses and attorney's fees relating to proceedings that have already taken place in the District Court for the District of Connecticut. Regarding these counts, we think that court is the appropriate court to assess or award such fees.

One final factor relating to the consolidated case in Connecticut also supports

transfer. In that case, Judge Cabranes has permanently enjoined Martin-Trigona from instituting any new lawsuit "in any United States federal court without obtaining leave of court." *In re Martin-Trigona*, 573 F.Supp. 1245, 1261–68 (D.Conn.1983); *aff'd in part, vacated in part*, 737 F.2d 1254 (2d Cir.1984), *on remand*, 592 F.Supp. 1566 (D.Conn.1984), *aff'd*, 763 F.2d 140 (2d Cir.1985). The injunction applies to all persons acting in concert with him. *See* 573 F.Supp. at 1266 ("by him or on his behalf").

Belford asserts that Martin-Trigona either prepared or assisted Kotlicky in the preparation of this case, Belford Affidavit at 6, and he has requested the district court in Connecticut to find Kotlicky in civil contempt for violating the injunction barring Martin-Trigona or anyone on his behalf from bringing lawsuits. At a hearing on the contempt application, Kotlicky invoked the privilege against self-incrimination with respect to all questions pertaining to his preparation of the complaint in this case. Before this court, where no contempt application is pending, Kotlicky has not invoked the privilege, but rather appears to deny that Martin-Trigona helped him prepare this case. *See* Kotlicky's Answer to Court Order at 3. In any event, that motion is still pending before the district court in Connecticut, and we believe this further supports transfer of this case to that court.

## CONCLUSION

The District Court for the District of Connecticut is the proper venue for this action, and the convenience of the parties and the interests of justice require transfer to that court. We therefore order pursuant to 28 U.S.C. § 1412 that this proceeding be transferred to the District Court for the District of Connecticut.